# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BATTON,<br><br>        Petitioner,<br><br>  v.<br><br>JOE LIZARRAYA,[1]<br><br>        Respondent. | No. 2:19-CV-0016-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (ECF No. 14). Also before the court is petitioner's motion for resentencing (ECF No. 11).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Respondent's correct name is Joe Lizarraga.

1

# I. BACKGROUND

## A. State Court Proceedings

Petitioner was convicted on August 2, 2012, in the Sacramento County Superior Court and sentenced on September 14, 2012, to a term of 18 years in state prison. See ECF No. 1, pg. 2. The California Court of Appeal affirmed the conviction and sentence on November 20, 2015. See id. at 9. The California Supreme Court declined direct review on January 29, 2016. See id. Petitioner filed a single state post-conviction action in the Sacramento County Superior Court on September 24, 2018, see ECF No. 15-5, which was denied on November 29, 2018, see ECF No. 15-6. Citing Alexander v. Louisiana, 405 U.S. 625, 633 (1972), the state court rejected petitioner's claim that his conviction was void because the lack of a grand jury indictment deprived the trial court of jurisdiction. See ECF No. 15-6. The court concluded the grand jury indictment requirement does not apply to the states. See id.

## B. Prior Federal Habeas Corpus Action

Petitioner filed a prior habeas corpus action in this court challenging the same conviction and sentence, Batton v. Paramo, E. Dist. Cal. Case No. 16-CV-0762-JKS (Batton I). See id. at 10. In Batton I, petitioner argued: (1) the trial court abused its discretion and violated his Fifth Amendment rights against self-incrimination by overruling his objection to the prosecutor's cross-examination and by allowing collateral rebuttal testimony; (2) the trial court abused its discretion and deprived him of due process and a fair trial by admitting his two prior convictions for residential burglary; (3) the prosecutor committed misconduct by asking questions and making arguments that went to propensity and bad character; and (4) the cumulative effect of the various errors warrants reversal. See ECF No. 28 in Batton I. The petition was denied on the merits on March 8, 2018. See id. Petitioner did not appeal.

/ / /
/ / /
/ / /
/ / /
/ / /

**C. Current Federal Habeas Corpus Action**

Petitioner filed the instant action on January 2, 2019, also challenging the 2012 conviction and sentence. See ECF No. 1. Petitioner raises two grounds for relief:

> Ground 1    The Municipal Metropolitan Corporation and its agents, without subject matter jurisdiction, applied its colorable, statutes, laws, and codes to fraudulently operate upon petitioner, in violation of the United States Constitution, Articles IV and VI and United States Constitution, Amendments 5th and 14th by holding petitioner against his will and without his consent, to answer for a capital or otherwise infamous crime without a presentment or indictment handed down by a grand jury.
>
> Ground 2    Petitioner is unlawfully suffering involuntary servitude/slavery without having been duly convicted on charges brought on a presentment or indictment handed down by a grand jury, in violation of petitioner's privileges and immunities and rights guarantee by the United States Constitution secured by the IV and VI articles and 5th, 13th and 14th amendments.

Id. at 3, 8.

Petitioner asserts these grounds for relief were "not raised by counsel on appeal due to ineffectiveness. . . ." Id. at 9.

## II. DISCUSSION

Respondent argues the current petition must be dismissed for lack of jurisdiction because it is a second or successive petition that was filed without first obtaining prior authorization from the Ninth Circuit Court of Appeals. Respondent also argues that, should the court conclude it has jurisdiction over the case, the current petition must be dismissed because it is untimely and raises unexhausted claims.

**A. Second of Successive Petition**

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law,

3

or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

In this case, petitioner's prior habeas petition, Batton I, was decided on the merits. The current federal habeas petition does not raise any of the same claims. As such, the current petition falls under § 2244(b)(2) and petitioner must make the required showing that the new claims rely on a new rule of constitutional law or the factual predicate of the claims could not have been discovered earlier. This showing must be made at the Ninth Circuit Court of Appeals in the context of a request for authorization to file a second successive petition in the district court. Because petitioner has not demonstrated he obtained prior approval from the Ninth Circuit, this court lacks jurisdiction to entertain the current second or successive federal habeas petition, which must be dismissed.

**B.    Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246

(9th Cir. 2001). The limitations period is not tolled for the time between the conclusion of direct review and the filing of a state post-conviction application. See Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, petitioner was convicted and sentenced in 2012. The California Court of Appeal affirmed the conviction and sentence on November 20, 2015, the California Supreme Court declined direct review on January 29, 2016, and petitioner did not seek further review by the United States Supreme Court. The one-year limitations period began to run the day after expiration of the 90-day period within which to seek certiorari in the United States Supreme Court, or on April 27, 2016. The one-year limitations period ended on April 26, 2018. Petitioner filed a single state court post-conviction action on September 24, 2018. Because the entire one-year limitations period expired before petitioner filed his state court post-conviction action, the issue of statutory tolling for the time that action was pending is immaterial. The current federal petition is untimely and must be dismissed.

**C.    Exhaustion**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[2] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39,

---

[2] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

5

41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[3]

Here, petitioner's grand jury indictment claims were raised on post-conviction relief to the Sacramento County Superior Court. The court concluded petitioner's claim had no merit at a matter of law. See Alexander, 405 U.S. at 633. A review of the state court record lodged by respondent in connection with his motion to dismiss reflects petitioner did not pursue the claims raised in the current federal petition to either the California Court of Appeal or the California Supreme Court. As a consequence, his current claims are unexhausted and must be dismissed.

///
///
///
///
///
///
///
///

---

[3] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 14) be granted and petitioner's motion for resentencing (ECF No. 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 15, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE