IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO BATTON,

    Petitioner,

v.

JOE LIZARRAYA,[1]

    Respondent.

No. 2:19-CV-0016-KJM-DMC-P

<u>AMENDED ORDER</u>

    On the court's own motion, the order at ECF No. 20 is AMENDED by this order.

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

    On July 16, 2019, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Plaintiff filed timely objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds

---

[1] Respondent's correct name is Joe Lizarraga.

1

the findings and recommendations to be supported by the record and by proper analysis with respect to the court's lack of jurisdiction over plaintiff's successive petition. Because the court does not have jurisdiction over the petition, it need not address the remainder of the issues raised by the magistrate judge with respect to the habeas petition and so the court declines to adopt those findings and recommendations.

Furthermore, the magistrate judge dismisses petitioner's motion to reduce sentence under California Penal Coe section 1170(d)(1), ECF No. 11, without explanation. *See* Finding and Recommendations, ECF No. 7. A motion to reduce a sentence imposed by the federal court is not subject to a successive filing rule. *See United States v. Orantes-Arriaga*, No. 3:16-CV-02414-MA, 2017 WL 3446289, at *3 (D. Or. Aug. 10, 2017) (no rule barring court's consideration of second motion to reduce sentence based on 18 U.S.C. § 3582(c)), *appeal dismissed*, No. 17-35648, 2018 WL 3956617 (9th Cir. May 25, 2018). However, petitioner was sentenced by the state court. Therefore, his motion to reduce his sentence requests relief that is outside the court's habeas powers. "A habeas court 'has the power to release' a prisoner, but . . . '[i]t cannot revise the state court judgment . . . .'" *Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) (quoting Fay v. Noia, 372 U.S. 391, 430 (1963), *overruled on other grounds by Wainwright v. Sykes,* 433 U.S. 72, 87 (1977)). Petitioner's motion for resentencing, ECF No. 11, is denied for these reasons.

Under Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

In his objections, petitioner argues his habeas petition should not be dismissed as successive because his mental illness prevented him from bringing all of his claims in the first habeas petition. *See generally* Objs., ECF No. 19. The court may consider a successive petition if plaintiff shows "cause and prejudice," a standard which mirrors the Supreme Court's treatment of procedurally defaulted claims. *Schlup v. Delo*, 513 U.S. 298, 318 (1995). The Ninth Circuit has rejected the argument that a pro se petitioner's mental condition should establish "cause" for a procedural default, but has also stated the relevant precedent "do[es] not necessarily foreclose the possibility that a pro se petitioner might demonstrate cause in a situation where a mental condition rendered the petitioner completely unable to comply with a state's procedures and he had no assistance." *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012). This court has found severe mental illness is sufficient "cause" to overcome procedural default where the petitioner had very limited assistance. *See* ECF No. 114, *Chatman v. Hill*, No. 2:10-CV-00264-KJM-CKD-P (E.D. Cal. Mar. 15, 2019). Accordingly, the court finds "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and, for the same reasons, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Morris*, 229 F.3d at 780. Therefore, petitioner has satisfied the requirements for a certificate of appealability on this question. Accordingly, IT IS HEREBY ORDERED that:

1. The order at ECF No. 20 is VACATED;
2. The findings and recommendations filed July 16, 2019, are adopted in part, as discussed above;
3. Respondent's motion to dismiss (ECF No. 14) is granted;
4. Petitioner's motion for resentencing (ECF No. 11) is denied;

/////

/////

5. The court issues a certificate of appealability on the question whether petitioner's mental illness prevented him from bringing his claims in his first habeas petition; and

6. The Clerk of the Court is directed to enter judgment and close this case.

DATED: October 18, 2019.

_____
UNITED STATES DISTRICT JUDGE